Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

*Proposed Co-Counsel to the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PENN VIRGINIA CORPORATION, *et al.*,[1] | ) | Case No. 16-32395 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A MAILING MATRIX FOR EACH DEBTOR, (III) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' 50 LARGEST UNSECURED CREDITORS, AND (IV) GRANTING RELATED RELIEF

Penn Virginia Corporation and its debtor affiliates, as debtors and debtors in possession

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487).  The location of the Debtors' service address is:  Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"),[2] respectfully state the following in support of this motion:

**<u>Relief Requested</u>**

1.     The Debtors seek entry of an order (the "<u>Order</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**: (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "<u>Schedules and Statements</u>") by ten (10) days, for a total of twenty-four (24) days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) authorizing the Debtors to file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor; (c) authorizing the Debtors to file a consolidated list of the Debtors' 50 largest unsecured creditors, and (d) granting related relief.

**<u>Jurisdiction and Venue</u>**

2.     The United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

---

[2]     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of R. Seth Bullock, Chief Restructuring Officer of Penn Virginia Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), on May 12, 2016 (the "<u>Petition Date</u>").

2

Rules 1007-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the

Eastern District of Virginia (the "Local Bankruptcy Rules").

**Basis for Relief**

**I.      Cause Exists for Extending the Deadline by Which the Debtors Must File the Schedules and Statements.**

5.      Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c),

the Debtors would be required to file the Schedules and Statements within 14 days of the Petition

Date.  Pursuant to Bankruptcy Rule 1007(a)(5) and (c), the Court has authority to extend the time

required for filing the Schedules and Statements "for cause."  Further, Local Bankruptcy Rule

1007-1(C) permits the Court to enter an order extending the Debtors' time to file their lists,

schedules, and statements under the following circumstances:

> If no objection to the motion to extend the time for filing is timely
> filed with the Court, the Clerk shall enter an order extending time
> for filing to not later than the seventh day prior to the scheduled
> meeting of creditors.  If the lists, schedules, statements, and other
> documents are not filed by said date, the Clerk shall enter an order
> dismissing the case.

6.      Here, good and sufficient cause for granting an extension of time to file the

Schedules and Statements exists.  To prepare the Schedules and Statements, the Debtors must

compile information from books, records, and documents relating to the claims of hundreds of

creditors, as well as the Debtors' many assets and contracts.  This information is voluminous and

located in numerous places throughout the Debtors' organization.  Collecting the necessary

information requires an enormous expenditure of time and effort on the part of the Debtors, their

employees, and their professional advisors in the near term—when these resources would be best

used to stabilize the Debtors' business operations.

7.      Although the Debtors, with the assistance of their professional advisors, are

working diligently and expeditiously to prepare the Schedules and Statements, the Debtors'

3

resources are strained.  Considering the amount of work entailed in completing the Schedules and Statements combined with the competing demands on the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the required time period.

8.      Prior to the filing of these chapter 11 cases, the Debtors focused on preparing for the chapter 11 filing, preparing the business to transition into chapter 11, and negotiating with the Debtors' significant creditor constituencies.  Such efforts made it difficult for the Debtors to prepare the Schedules and Statements.  Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements, the Debtors anticipate that they may require at least ten (10) days after the Petition Date to complete the Schedules and Statements.  The Debtors therefore request that the Court extend the initial 14-day period for an additional ten (10) days, without prejudice to the Debtors' right to request further extensions, for cause shown.

9.      The Debtors submit that the extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.

10.      Courts in this district have regularly granted similar relief to the relief requested herein.  *See, e.g.*, *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (granting 60-day extension); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. May 14, 2015) (granting 45-day extension); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 9, 2014) (granting 60-day extension); *In re AMF Bowling*

4

*Worldwide, Inc.*, No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012) (granting 45-day

extension); *In re MMR Holdings, Inc.*, No. 10-32658 (DOT) (Bankr. E.D. Va. Apr. 16, 2010)

(granting 30-day extension).[3]

## II.    Filing a Consolidated List of Creditors in Lieu of Submitting a Separate Creditor Mailing Matrix for Each Debtor is Warranted.

11.    Unless a debtor's schedules of assets and liabilities are filed simultaneously with a

chapter 11 petition, section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and

Local Bankruptcy Rule 1007-1(H)(1) require a debtor to file a list containing the name and

address of each creditor.  Specifically, Local Bankruptcy Rule 1007-1(H)(1) further states that

the debtors must submit this list of creditors either on a diskette in a computer readable format

specified by the Office of the Clerk of the Court (the "Clerk") or via the Electronic Case Files

System.  Exhibit 5 to the Local Bankruptcy Rules ("Exhibit 5") specifies the format in which

debtors must submit mailing matrices.

12.    There are thousands of creditors and parties in interest in these chapter 11 cases.

The Debtors maintain lists of the names and addresses of all such entities on various computer

software programs that permit the Debtors, or a third-party service provider on the Debtors'

behalf, to print mailing labels for each such entity.  Additionally, the Debtors have sought to

retain Epiq Bankruptcy Solutions, LLC ("Epiq") as the Debtors' notice and claims agent in these

chapter 11 cases.[4]  Because the Debtors and Epiq will relieve the Clerk of the burden of sending

notices to the Debtors' numerous creditors and parties in interest, the Debtors submit that the

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion.
Copies of these orders are available upon request of the Debtors' proposed counsel.

[4]    *See Debtors' Application for (I) Appointment of Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent
and (II) Granting Related Relief*, filed contemporaneously herewith.

5

Clerk does not need the information provided in a mailing matrix formatted in accordance with Local Bankruptcy Rule 1007-1(H)(1) and Exhibit 5.

13.    Compiling the information in the format required by Local Bankruptcy Rule 1007-1(H)(1) and Exhibit 5 would create an unnecessary administrative burden for the Debtors' estates.   As a result, the Debtors request authority to submit a consolidated list of creditors in lieu of the mailing matrices.

### III.    Filing a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors Creditors is Warranted.

14.    Pursuant to Bankruptcy Rule 1007(d), a debtor must file "a list containing the name, address and claim of the creditors holding the 20 largest unsecured claims, excluding insiders."  Here, compiling separate top creditor lists for each individual Debtor would consume an excessive amount of the Debtors' time and resources, and filing a consolidated list would more appropriately reflect the liabilities against the Debtors' operations on an enterprise level. Accordingly, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

15.    Courts in this district have regularly granted similar relief to the relief requested herein.  *See, e.g.*, *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015)*In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. May 14, 2015); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 9, 2014); *In re AMF Bowling Worldwide, Inc.*, No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012); *In re MMR Holdings, Inc.*, No. 10-32658 (DOT) (Bankr. E.D. Va. Apr. 16, 2010).

### <u>Waiver of Memorandum of Points and Authorities</u>

16.    The Debtors respectfully request that this Court treat this motion as a written memorandum of points and authorities or waive any requirement that this motion be

6

accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## **Notice**

17.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' prepetition secured credit agreement; (d) the indenture trustee under the Debtors' 7.25% senior notes due 2019; (e) the indenture trustee under the Debtors' 8.500% senior notes due 2020; (f) counsel to certain holders of the 2019 and 2020 senior notes; (g) counsel to the agent under the Debtors' debtor-in-possession credit facility; (h) co-counsel to the agent under the Debtors' debtor-in-possession credit facility; (i) the United States Attorney's Office for the Eastern District of Virginia and for the states in which the Debtors operate; (j) the Internal Revenue Service; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

18.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  May 12, 2016
Richmond, Virginia


/s/ *Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192
Michael.Condyles@KutakRock.com
Peter.Barrett@KutakRock.com
Jeremy.Williams@KutakRock.com

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
brian.schartz@kirkland.com

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
james.sprayregen@kirkland.com
justin.bernbrock@kirkland.com
benjamin.rhode@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

*Proposed Co-Counsel to the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PENN VIRGINIA CORPORATION, *et al.*,[1] | ) | Case No. 16-32395 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## ORDER (I) EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS, (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A MAILING MATRIX FOR EACH DEBTOR, (III) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' 50 LARGEST UNSECURED CREDITORS, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487).  The location of the Debtors' service address is:  Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the time period to file their Schedules and Statements, (b) authorizing the Debtors to file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (c) authorizing the Debtors to file a consolidated list of the Debtors' 50 largest unsecured creditors, and (d) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      In accordance with section 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Bankruptcy Rule 1007-1, the time by which the Debtors shall file their Schedules and Statements is extended by an additional 10 days to a total of 24 days from the Petition Date, through and including June 6, 2016.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 39805941

3.      Such extension is without prejudice to the Debtors' right to request a further extension.

4.      The Debtors are authorized to submit a consolidated list of creditors in lieu of submitting separate mailing matrices.

5.      The Debtors are authorized to file a consolidated list of their 50 largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

6.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

7.      Notice of the Motion as provided therein is good and sufficient notice of such Motion and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Richmond, Virginia                                    _____
                                                      UNITED STATES BANKRUPTCY JUDGE

KE 39805941

WE ASK FOR THIS:

/s/  Michael A. Condyles
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

- and -

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200

*Proposed Co-Counsel to the Debtors*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/  Michael A. Condyles

KE 39805941