Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

*Proposed Co-Counsel to the Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PENN VIRGINIA CORPORATION, *et al.*,[1] | ) | Case No. 16-32395 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO, (II) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES, AND (III) GRANTING RELATED RELIEF

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487).  The location of the Debtors' service address is:  Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

Penn Virginia Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion:

## Relief Requested

1.      The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to:  (a) continue existing insurance coverage entered into prepetition and satisfy payment obligations related thereto in the ordinary course of business; (b) renew, amend, supplement, extend, or purchase insurance coverage in the ordinary course of business; and (c) granting related relief.  The Debtors estimate that, as of the Petition Date, there are no outstanding premiums due on account of the Insurance Policies (as defined below).

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

---

[2]     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of R. Seth Bullock, Chief Restructuring Officer of Penn Virginia Corporation, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on May 12, 2016 (the "Petition Date").

KE 39434634

## The Insurance Policies and Related Payment Obligations

5.      In the ordinary course of business, the Debtors maintain approximately 12 insurance policies that are administered by various third-party insurance carriers (collectively, the "Insurance Carriers").  These policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, workers' compensation, umbrella coverage, excess liability, control of well, foreign voluntary compensation and employers liability, and directors and officers liability (collectively, the "Insurance Policies").  The aggregate annual premium for the Insurance Policies is approximately $1.1 million,[3] plus applicable taxes and surcharges.  A schedule of the Insurance Policies is attached hereto as **Exhibit B**.[4]

6.      The Debtors' ordinary practice is to prepay the entire yearly premium for each of the Insurance Policies on or around the start date of each policy period.[5]  The Insurance Policies renew throughout the year, predominantly in November for directors and officers related coverage and February for all other policies.  The Debtors estimate that, as of the Petition Date, there are no outstanding premiums due on account of the Insurance Policies.  Nevertheless, out of an abundance of caution, the Debtors seek authority to continue honoring any amounts on

---

[3]     The annual premiums paid by the Debtor's include commission payments to the Debtors' insurance broker.

[4]     The descriptions of the Insurance Policies set forth in this Motion constitute a summary only.  The actual terms of the Insurance Policies and related agreements will govern in the event of any inconsistency with the description in this Motion.  The Debtors request authority to honor obligations and renew all insurance policies, as applicable, regardless of whether the Debtors inadvertently fail to include a particular insurance policy on **Exhibit B**.  Moreover, and in addition to the Insurance Policies listed on **Exhibit B**, the Debtors maintain numerous insurance policies with respect to, among other things, workers' compensation, employee health, dental, disability, and life insurance benefits.  These programs are described, and relief is requested with respect to such programs in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief*, filed contemporaneously herewith.

[5]     The Debtors' make an initial deposit on account of their control of well policy on February 16 of each year.  As the Debtors' work down the deposit amount, the insurer may request additional quarterly payments thereafter to cover additional production activities.  The Debtors believe that there are currently no outstanding amounts due on account of the control of well policy.

3

account of the Insurance Policies in the ordinary course of business to ensure uninterrupted coverage under the Insurance Policies.

7. Certain of the Insurance Policies are subject to regular audits (the "Insurance Policy Audits"), which may result in an adjustment of the premiums owed on account thereof. Insurance Policy Audits for prepetition premium payments will not conclude until after the Petition Date. As a result, the aggregate amount of the Debtors' obligations arising from the Insurance Policy Audits is not known at this time. Accordingly, the Debtors seek authority to honor any amounts owed on account of any Insurance Policy Audits in the ordinary course of business.

8. Continuation of the Insurance Policies and entry into new insurance policies is essential to the preservation of the value of the Debtors' businesses and operations. Moreover, in many instances, insurance coverage is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the Office of the United States Trustee's (the "U.S. Trustee's") requirement that a debtor maintain adequate coverage given the circumstances of its chapter 11 case. Accordingly, the Debtors request authority to maintain their existing Insurance Policies, pay prepetition obligations related thereto, and enter into new insurance policies in the ordinary course of business.

**The Debtors' Insurance Brokers**

9. The Debtors obtain the majority of their Insurance Policies through their insurance brokers, Willis of Pennsylvania Inc. and Willis of Texas Inc. (collectively, referred to as "Willis"). Willis assists the Debtors in obtaining comprehensive insurance coverage for their operations in a cost-effective manner, manages renewal data, markets the insurance program, provides all interactions with carriers including negotiating policy terms, provisions, and premiums, handles claims, and provides ongoing support throughout the applicable policy

4

periods.  Willis collects commission payments for services rendered as part of the premiums paid

on the Insurance Policies.  As of the Petition Date, the Debtors do not believe that they owe any

amounts to Willis on account of fees, commissions, or any other prepetition obligations.  Out of

an abundance of caution, however, the Debtors seek authority to honor any amounts owed to

Willis to ensure uninterrupted coverage under their Insurance Policies.

10.     Willis is also broker of record with respect to the Debtors' directors' and officers'

insurance policies (the "D&O Policies").  In this capacity, Willis is authorized to negotiate

changes with respect to, or cancel, the Debtors' existing D&O Policies.  Willis is further

authorized to procure new D&O Policies for the Debtors and, before the Petition Date, Willis

assisted the Debtors with procuring a new directors and officers' runoff policy.  The Debtors pay

Willis a commission in connection with these services, payable as part of the premiums paid on

the D&O Policies.  As of the Petition Date, the Debtors do not believe that they owe any

amounts to Willis on account of fees, commissions, or any other prepetition obligations.  Out of

an abundance of caution, however, the Debtors seek authority to honor any amounts owed to

Willis to ensure uninterrupted coverage under their D&O Policies.

## Basis for Relief

### I.     Continuation of the Insurance Policies is Required by the Bankruptcy Code and U.S. Trustee Operating Guidelines.

11.     Section 1112(b)(4)(C) of the Bankruptcy Code provides that "failure to maintain

appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory

conversion or dismissal of a chapter 11 case.  11 U.S.C. § 1112(b)(4)(C).  In addition, in many

instances, the coverage provided under the Insurance Policies is required by the regulations,

laws, and contracts that govern the Debtors' commercial activities, including the operating

guidelines issued by the Office of the United States Trustee for the Eastern District of Virginia

5

(the "U.S. Trustee Operating Guidelines").   Given this backdrop, the Debtors believe it is essential to their estates, and consistent with the Bankruptcy Code and the U.S. Trustee Operating Guidelines, that they maintain and continue to make all payments required under their Insurance Policies, and have the authority to supplement, amend, extend, renew, or replace their Insurance Policies as needed, in their judgment, without further order of the Court.

## II.    Paying Obligations Under the Insurance Policies in the Ordinary Course of Business Is Warranted.

12.    Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."   11 U.S.C. § 363(b)(1).   Under section 363(b), courts require only that the debtor "show that a sound business purpose" justifies the proposed use of property. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983) (requiring a "good business reason" to approve a sale pursuant to section 363(b)); *In re W.A. Mallory Co.*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997) ("This Court follows the 'sound business purpose' test when examining § 363(b) sales.") (citing *In re WBQ P'ship*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)).   Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").   Thus, if a transaction satisfies the business judgment rule, it should be approved under section 363(b) of the Bankruptcy Code.

13.    Furthermore, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  This "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein.  *See In re United Am., Inc.*, 327 B.R. 776, 781 (Bankr. E.D. Va. 2005) (acknowledging the doctrine of necessity is "a necessary deviation because otherwise there will be no reorganization and no creditor will have an opportunity to recoup any part of its pre-petition claim"); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("Under [section 105(a)] the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor"); *see also In re Lehigh & New Eng. Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to debtor's continued operation); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1983) (finding that section 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor).

14.    Here, the Debtors seek to continue, amend, supplement, and extend their existing Insurance Policies, and purchase new policies, as is required by applicable law, in the ordinary course of business.  Paying obligations related to the Insurance Policies is warranted under section 363(b) and the doctrine of necessity.  As noted above, continuation of the Insurance Policies is essential to continuing uninterrupted operations and preserving the value of the

7

Debtors' estates and, in some cases, required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the U.S. Trustee's requirement that a debtor maintain adequate coverage given the circumstances of its chapter 11 case. Failure to maintain the Insurance Policies could result in the shutdown of certain drilling operations, which would have a detrimental impact on the Debtors' businesses, or mandatory conversion or dismissal of the Debtors' chapter 11 cases.

15.    Numerous courts in this jurisdiction have granted relief similar to that requested herein in other large chapter 11 cases. *See, e.g.*, *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. June 4, 2015); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014); *In re Workflow Mgmt., Inc.*, No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 8, 2010); *In re Greenbrier Hotel Corp.*, No. 09-31703 (KRH) (Bankr. E.D. Va. Mar. 20, 2009); *In re S & K Famous Brands, Inc.*, No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 10, 2009).[6]

**Processing of Checks and Electronic Fund Transfers Should be Authorized**

16.    The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations, debtor-in-possession financing, and anticipated access to cash collateral. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Insurance Policies, as applicable. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested

---

6    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

KE 39434634

by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

### The Requirements of Bankruptcy Rule 6003 Are Satisfied

17.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, authorizing the Debtors to continue existing insurance coverage entered into prepetition, satisfy payment obligations related thereto, and renew, amend, supplement, extend, or purchase insurance coverage in the ordinary course of business and granting the other relief requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases.  Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course and preserve the ongoing value of the Debtors' operations and maximize the value of their estates for the benefit of all stakeholders.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### Reservation of Rights

18.     Nothing contained in this motion or any actions taken by the Debtors pursuant to relief granted in the Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant

9

to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the

Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens

(contractual, common law, statutory, or otherwise) satisfied pursuant to this motion are valid,

and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek

avoidance of all such liens.  If the Court grants the relief sought herein, any payment made

pursuant to the Court's order is not intended and should not be construed as an admission as to

the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute

such claim.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

19.    To successfully implement the foregoing, the Debtors request that the Court enter

an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a)

and that the Debtors have established cause to exclude such relief from the 14-day stay period

under Bankruptcy Rule 6004(h).

### Waiver of Memorandum of Points and Authorities

20.    The Debtors respectfully request that this Court treat this Motion as a written

memorandum of points and authorities or waive any requirement that this Motion be

accompanied by a written memorandum of points and authorities as described in Local

Bankruptcy Rule 9013-1(G).

### Notice

21.    The Debtors will provide notice of this motion to:  (a) the Office of the United

States Trustee for the Eastern District of Virginia; (b) the holders of the 50 largest unsecured

claims against the Debtors (on a consolidated basis); (c) the administrative agent under the

Debtors' prepetition secured credit agreement; (d) the indenture trustee under the Debtors'

7.25% senior notes due 2019; (e) the indenture trustee under the Debtors' 8.500% senior notes

10

due 2020; (f) counsel to certain holders of the 2019 and 2020 senior notes; (g) counsel to the agent under the Debtors' debtor-in-possession credit facility; (h) co-counsel to the agent under the Debtors' debtor-in-possession credit facility; (i) the United States Attorney's Office for the Eastern District of Virginia and for the states in which the Debtors operate; (j) the Internal Revenue Service; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; (n) the Insurance Carriers; (o) Willis; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

22.     No prior request for the relief sought in this motion has been made to this or any other court.


*[Remainder of page intentionally left blank]*

KE 39434634

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other relief as the Court deems appropriate under the circumstances.

Dated: May 12, 2016
Richmond, Virginia

/s/ Michael A. Condyles

| | |
|---|---|
| Michael A. Condyles (VA 27807) | Edward O. Sassower, P.C. (*pro hac vice* admission pending) |
| Peter J. Barrett (VA 46179) | Joshua A. Sussberg, P.C. |
| Jeremy S. Williams (VA 77469) | Brian E. Schartz (*pro hac vice* admission pending) |
| **KUTAK ROCK LLP** | **KIRKLAND & ELLIS LLP** |
| Bank of America Center | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 1111 East Main Street, Suite 800 | 601 Lexington Avenue |
| Richmond, Virginia 23219 | New York, New York 10022 |
| Telephone:    (804) 644-1700 | Telephone:    (212) 446-4800 |
| Facsimile:    (804) 783-6192 | Facsimile:    (212) 446-4900 |
| Michael.Condyles@KutakRock.com | edward.sassower@kirkland.com |
| Peter.Barrett@KutakRock.com | joshua.sussberg@kirkland.com |
| Jeremy.Williams@KutakRock.com | brian.schartz@kirkland.com |

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
james.sprayregen@kirkland.com
justin.bernbrock@kirkland.com
benjamin.rhode@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

*Proposed Co-Counsel to the Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PENN VIRGINIA CORPORATION, *et al.*,[1] | ) | Case No. 16-32395 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## ORDER AUTHORIZING THE DEBTORS TO (I) CONTINUE INSURANCE COVERAGE ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO, (II) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487).  The location of the Debtors' service address is:  Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

Debtors to:  (a) continue existing insurance coverage entered into prepetition and satisfy payment obligations related thereto; (b) renew, amend, supplement, extend, or purchase insurance coverage in the ordinary course of business; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing (the "<u>Hearing</u>") before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to continue the Insurance Policies identified on **<u>Exhibit B</u>** to the Motion and, in their sole discretion, pay any prepetition or postpetition obligations related to the Insurance Policies, including any amounts owed to Willis.

3.      The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies to the extent that the Debtors determine, in consultation

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

with counsel to the Ad Hoc Committee of Noteholders, that such action is in the best interest of their estates.

4.      The Debtors are authorized, but not directed, to honor any amounts owed on account of any Insurance Policy Audits in the ordinary course of business.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Insurance Policies.

8.      Notwithstanding anything to the contrary set forth herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "DIP Documents") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

11.     Notice of the Motion as provided therein is good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

KE 39434634

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Richmond, Virginia                                    _____
                                                      UNITED STATES BANKRUPTCY JUDGE

5

WE ASK FOR THIS:

/s/ *Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

- and -

Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C.
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (*pro hac vice* admission pending)
Benjamin M. Rhode (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200

*Proposed Co-Counsel to the Debtors*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Michael A. Condyles*

KE 39434634

## **EXHIBIT B**

**Insurance Policies**

KE 39434634

| Type of Policy Coverage | Insurance Carriers | Policy Number | Policy Term | Premium |
|---|---|---|---|---|
| Commercial Automobile | Travelers | ZLP-41M50036-16-N4 | 02/16/2016- 02/16/2017 | $54,134.00 |
| Commercial General Liability | Travelers | ZLP-41M50036-16-N4 | 02/16/2016- 02/16/2017 | $178,054.00 |
| D&O Excess Liability | XL Specialty Insurance Company | ELU141958-15 | 11/30/2015 - 11/30/2016 | $125,000.00 |
| D&O Fiduciary Liability & Crime | Federal Insurance Company | 8138-9477 | 11/30/2015 - 11/30/2016 | $26,303.00 |
| D&O Side A | National Union Fire Insurance Company of Pittsburgh, Pa. | 04-370-48-67 | 11/30/2015 - 11/30/2016 | $68,250.00 |
| Directors/Officers Liability (Public Companies) | Allied World National Assurance Company | 0309-3082 | 11/30/2015 - 11/30/2016 | $67,000.00 |
| Employee Benefits Liability | Travelers | ZLP-41M50036-16-N4 | 02/16/2016- 02/16/2017 | $423.00 |
| Energy, Exploration and Development; Operators Extra Expense; Care, Custody and Control | 100% Lloyd's Syndicates | NG00559A16 | 02/16/2016 - 02/16/2017 | $125,560.00 |
| Primary D&O | National Union Fire Insurance Company of Pittsburgh, Pa. | 04-370-48-56 | 11/30/2015 - 11/30/2016 | $240,000.00 |
| Property | 100% Lloyd's Syndicates | NG00550A16 | 02/16/2016 - 02/16/2017 | $89,534.00 |
| Umbrella Excess Liability | Travelers | ZLP-41M50036-16-N4 | 02/16/2016- 02/16/2017 | $99,746.00 |
| Workers Compensation and Employers Liability | Travelers | HN-UB-7G66261 | 02/16/2016 - 02/16/2017 | $52,067.00 |

KE 39434634