Edward O. Sassower, P.C. (admitted *pro hac vice*)
Joshua A. Sussberg, P.C.
Brian E. Schartz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (admitted *pro hac vice*)
Benjamin M. Rhode (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Co-Counsel to the Debtors*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PENN VIRGINIA CORPORATION, *et al.*,[1] | ) | Case No. 16-32395 (KLP) |
| Debtors. | ) | (Jointly Administered) |

# INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"),

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487). The location of the Debtors' service address is: Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

(a) authorizing the Debtors (i) to pay prepetition wages, salaries, other compensation, and reimbursable expenses and (ii) to continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held in the United States Bankruptcy Court, Courtroom 5100, 701 East Broad Street, Richmond, Virginia 23219 on June 6, 2016, at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

May 31, 2016, and shall be served on: (a) the Debtors, Penn Virginia Corporation, Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087, Attn: General Counsel; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Brian E. Schartz, and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Justin R. Bernbrock and Benjamin M. Rhode; (c) proposed co-counsel to the Debtors, Kutak Rock LLP, Bank of America Center, 1111 East Main Street, Suite 800, Richmond, Virginia 23219, Attn: Michael A. Condyles, Peter J. Barrett, and Jeremy S. Williams; (d) the administrative agent under the Debtors' prepetition secured credit agreement; (e) the indenture trustee under the Debtors' 7.25% senior notes due 2019; (f) the indenture trustee under the Debtors' 8.500% senior notes due 2020; (g) counsel to certain holders of the 2019 and 2020 senior notes; (h) counsel to the Ad Hoc Committee of Noteholders, Milbank Tweed Hadley & McCloy, 28 Liberty Street, New York, New York 10005, Samuel Khalil, Brian Kinney, and Bradley Friedman; (i) counsel to the agent under the Debtors' debtor-in-possession credit facility, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, Attn: Stephanie Song and Kurt Mayr; (j) co-counsel to the agent under the Debtors' debtor-in-possession credit facility, McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes and Sarah B. Boehm; (k) counsel to any statutory committee appointed in these cases; and (l) the Office of The United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Robert Van Arsdale, Esq., and 210 First Street, Suite 505, Roanoke, Virginia 24011, Attn: Webb King, Esq. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to continue, modify, change, and discontinue the Employee Compensation and Benefits and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law and as set forth herein. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of the Employee Compensation and Benefits that are outside the ordinary course of business without prior Court approval.

4. The Debtors are authorized, but not directed, in their discretion, to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs in an aggregate interim amount not to exceed $589,452; *provided* that pending entry of the Final Order, the Debtors are not authorized to honor obligations for Expense Reimbursements, the 401(k) Contributions, the Severance Program, the Non-Insider Bonus Program, or the Director Compensation; *provided further* that pending entry of the Final Order, the Debtors are not authorized to pay any Employee, Independent Contractor, or Temporary Staff any amount on behalf of prepetition services that exceeds the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided further* that the Debtors' authority to pay such prepetition amounts pursuant to this paragraph shall, where applicable, be subject to the following caps:

| Employee Obligation | Interim Amount |
|---|---|
| Unpaid Wages | $161,000 |
| Unpaid Contractor Amounts | $48,000 |
| Deductions | $402 |
| Unpaid Payroll Taxes | $56,000 |
| Payroll Fees | $0 |
| Retiree Compensation | $0 |
| Corporate Credit Card Balances | $58,000 |
| Expense Reimbursements | $0 |
| Health Insurance Programs | $2,750 |

| Employee Obligation | Interim Amount |
|---|---|
| Life and AD&D Insurance | $0 |
| Disability Benefits | $0 |
| 401(k) Plan | $20,600 |
| Paid Leave[3] | $242,000 |
| Director Compensation | $0 |
| Vehicle Allowance | $0 |
| Matching Gifts Amounts | $700 |
| Severance Program and Non-Insider Bonus Program | $0 |
| **Total** | **$589,452** |

5. Nothing herein shall be deemed to (a) authorize the payment of any amounts in satisfaction of severance obligations, or which are subject to section 503(c) of the Bankruptcy Code or (b) authorize the Debtors to cash out unpaid Vacation Days or leave time upon termination of an Employee, unless applicable state law requires such payment; *provided* that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

6. Pursuant to Section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

---

[3] The Paid Leave obligation only requires cash payment with respect to each Employee's owed Paid Leave when an Employee is terminated.

7. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

10. Notwithstanding anything to the contrary set forth herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the

Debtors under the Debtors' postpetition financing agreements (the "DIP Documents") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control.

11. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

13. Notice of the Motion as provided therein is good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

May 16 2016

/s/ Keith L. Phillips

Richmond, Virginia

UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: May 16 2016

WE ASK FOR THIS:

/s/ *Michael A. Condyles*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

- and -

Edward O. Sassower, P.C. (admitted *pro hac vice*)
Joshua A. Sussberg, P.C.
Brian E. Schartz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Justin R. Bernbrock (admitted *pro hac vice*)
Benjamin M. Rhode (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Co-Counsel to the Debtors*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Michael A. Condyles*