Philip M. Abelson, Esq. (admitted *pro hac vice*)
Maja Zerjal, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

   - and -

Paul V. Possinger, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Three First National Plaza, Suite 3800
Chicago, Illinois 60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Proposed Counsel to the Unsecured Claimholders'
Committee of Penn Virginia Corporation, et al.*

Robert H. Chappell, III, Esq. (VSB No. 31698)
James K. Donaldson, Esq. (VSB No. 80307)
**SPOTTS FAIN PC**
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

*Proposed Counsel to the Unsecured Claimholders'
Committee of Penn Virginia Corporation, et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PENN VIRGINIA CORPORATION, *et al.*[1] | ) | Case No. 16-32395-KLP |
|  | ) |  |
| Debtors | ) | (Jointly Administered) |
|  | ) |  |

## MOTION OF STATUTORY UNSECURED
## CLAIMHOLDERS' COMMITTEE CLARIFYING REQUIREMENT AND
## ESTABLISHING CLAIMHOLDER INFORMATION PROTOCOLS
## PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3), AND 1103(c)

The unsecured claimholders' committee (the "UCC") of Penn Virginia Corporation, *et al.*

(the "Debtors") in the above-captioned jointly-administered chapter 11 cases (the "Cases"),

through its proposed counsel and pursuant to 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3), and

1103(c), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

files this motion (the "Motion") seeking clarification of the UCC's requirement to disseminate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487).  The location of the Debtors' service address is:  Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

Confidential Information, defined below, and the establishment of claimholder information protocols to provide access to information regarding the Debtors' unsecured claimholders pursuant to §§ 1102(b)(3) and 1103(c) of the Code, and requests entry of an order substantially in the form of **Exhibit A**, attached hereto.  In support, the UCC states as follows:

## BACKGROUND

1.      On May 12, 2016 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition seeking relief pursuant to chapter 11 of title 11 of the U.S. Code (the "Code"). (ECF No. 1.)  On May 13, 2016, the Court entered an order granting joint administration of the Cases.  (ECF No. 67.)

2.      The Debtors continue to operate their business and manage their properties and assets as debtors-in-possession pursuant to §§ 1107 and 1108 of the Code.  No trustee or examiner has been appointed in these Cases.

3.      On May 25, 2016 (the "Formation Date") and pursuant to § 1102, the Office of the U.S. Trustee for Region 4 (the "U.S. Trustee") appointed the UCC.  (ECF No. 137.)  On June 2, 2016, the Office of the U.S. Trustee for Region 4 filed with the Court a notice adding two members to the UCC.  (ECF No. 178.)  The UCC members are: (1) Wilmington Savings Fund Society, FSB, as successor trustee for the (i) 7.250% Senior Notes due in 2019, and (ii) the 8.500% Senior Notes due in 2020; (2) Dominion Transmission, Inc.; (3) Thomas Spackman; (4) Patterson-UTI Drilling Company LLC; and (5) Excalibur Rentals, Inc.

4.      The Court has jurisdiction over the relief sought in this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5.        Section 1103(c) of the Code authorizes, in relevant part, a committee appointed under § 1102 to (1) consult with the debtors in possession; (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtors and other matters relevant to the case; (3) participate in plan formulation and advise its constituents of any related determinations; (4) request appointment of a trustee or examiner; and (5) perform other services that are in the interest of those represented by the committee.  *See* 11 U.S.C. § 1103(c)(1)-(5).  Further, § 1102(b)(3) provides that a committee shall provide access to information for, and solicit and receive comments from, unsecured claimholders who are not appointed to such a committee.  *See* 11 U.S.C. § 1102(b)(3).

6.        The UCC seeks entry of an order, effective as of May 25, 2016: (a) finding that the UCC, its members and, in each case, their respective agents, representatives, affiliates, partners, employees, counsel, and financial and other advisors (collectively, the "UCC Parties") are in compliance with § 1102(b)(3) as a result of implementing the Claimholder Information Protocols, as defined below, regarding the disclosure of certain information; and (b) confirming and clarifying that § 1102(b)(3)(A) does not authorize or require the UCC to provide access for any entity, as defined in § 101(15) (an "Entity"), to (i) Confidential Information,[2] except as set forth in the Claimholder Information Protocols, and (ii) any other information, if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client

---

[2] As used in this Motion, the term "Confidential Information" shall mean and refer to confidential, proprietary, and/or other non-public information, whether oral or written and covering information in any electronic or physical medium or form, received or held by the UCC Parties concerning the Debtors, the Cases, or the UCC, including, without limitation, with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operations of the Debtors' businesses and the desirability of the continuance of such businesses, or any other matter related to or relevant to the Cases, including the restructuring support agreement, or to the formulation of one or more chapter 11 plans or related to any adversary proceeding, contested matter, or other litigation, including any confidential, proprietary, or other non-public materials of the UCC, whether provided voluntarily or involuntarily by or on behalf of the Debtors or by any third party or prepared by or for the UCC.

privilege, attorney work-product doctrine, or any other applicable privilege or immunity held by the UCC and/or its respective members.

7.      This relief will ensure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates or their unsecured claimholders, and will assist the UCC in fulfilling its statutory responsibilities, including promoting and protecting the interests of unsecured claimholders.

### PROCEDURES FOR IMPLEMENTATION OF § 1102(b) DUTIES

8.      To balance the competing interest of the unsecured claimholders' need for information regarding the Cases with the need to maintain confidentiality, the UCC proposes the following protocols (the "Claimholder Information Protocols"), as more fully described in the attached proposed order, to be approved by the Court:

    a) Website.  Until the earliest of the (i) dissolution of the UCC, (ii) dismissal, or (iii) conversion of the Cases, and a further order of the Court, the UCC shall, with the Debtors' authorization and to avoid additional cost for the Debtors' estates, utilize the Debtors' Internet accessed case website (http://dm.epiq11.com/PVA), established and maintained by Epiq (the "Case Website"), which provides information related to the Cases, including, without limitation, information of the following nature:

        i. General information about the Debtors, including the case docket, access to Court filings, and general information concerning significant parties in the Cases;

        ii. Contact information for the Debtors, any information hotlines that are established, the Debtors' counsel, and the UCC's counsel;

        iii. Highlights of significant events in the Cases;

        iv. The date by which unsecured claimholders must file proofs of claim;

        v. The voting deadline for any chapter 11 plan filed in the Cases;

        vi. Access to the claims docket as and when established by the Debtors and/or Epiq;

        vii. Answers to vendor frequently asked questions;

    viii.   The Debtors' monthly operating reports; and

    ix.   Links to other relevant websites, including, without limitation, the Debtors corporate website, and the Court's website.

b) <u>Email Address</u>.  The UCC shall also establish and maintain an electronic mail address for claimholders to submit questions and comments.

c) <u>Claimholder Information Requests</u>.  The UCC shall have no more than twenty-one (21) days to respond to claimholders' requests for information.  Such response shall provide access to the requested information or reasons why such information will not be provided.  To the extent that a claimholder seeks Confidential Information from the UCC, the UCC will endeavor to negotiate a form of stipulation agreeable to the Debtors that will permit the provision of such information to the requesting claimholder(s).

d) <u>Privileged and Confidential Information</u>.  The UCC will not be required or obligated to disseminate or disclose to any Entity, without further Court order, any: (i) Confidential Information concerning the Debtors, (ii) information that, if disclosed, may result in a breach of violation of any of the Debtors' agreements; or (iii) information protected by the attorney-client privilege, work-product doctrine, or other applicable protection or immunity.

## **BASIS FOR RELIEF**

9.    Section 1102(a) of the Code governs the appointment of a statutory committee.  *See* 11 U.S.C. § 1102(a).  Under § 1102(b), a committee shall "provide access to information for creditors who—(i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee."  11 U.S.C. § 1102(b)(3)(A).  A committee shall also "solicit and receive comments from the creditors described in [§ 1102(b)(3)(A)]."  11 U.S.C. § 1102(b)(3)(B).  While these provisions require disclosing information, § 1102(b)(3) does not state *how* a committee should provide access to information to claimholders that the committee represents.  In terms of disclosing privileged or confidential information, this lack of precise direction creates certain issues for committees and debtors, including risks arising from the disclosure of privileged or confidential information and the use of such information in trading activities.

10.     The UCC submits that § 1102(b)(3) is ambiguous.  *See In re Refco, Inc.*, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006).   The Code requires a committee "to provide access to information," but states no guidelines as to the type, kind, or extent of the information to be provided.  Section 1102(b)(3) may be read as requiring that the UCC to provide access to all information provided to it by the Debtors, or developed through exercise of its investigative function, regardless of whether such information constitutes Confidential Information.  This interpretation may create tension between the UCC and the Debtors to the extent that a claimholder seeks access to such material.  Also, a broad interpretation of § 1102(b)(3) may "impose an obligation contrary to other applicable laws and the Committee's fiduciary duties and hamper the Committee's performance under section 11 of the Bankruptcy Code."  *Id.*

11.     Section 1102(b)(3) of the Code may also be read to require the disclosure of all information requested by the UCC's constituency, irrespective of applicable state and federal securities laws, as well as non-disclosure obligations.  *See id.,* at 196 ("When the debtor has public stock or debt . . . the securities laws may preclude the debtor from disclosing material non-public information on a selective basis to committee members absent a binding confidentiality agreement.") (internal citations omitted).

12.     The Code's requirement to provide access to information to other general unsecured claimholders may also affect the attorney-client privilege and work-product doctrine and other immunities and protections between the UCC and its counsel and agents.  *Cf. In re Baldwin-United Corp.*, 38 B.R. 802, 805 (Bankr. S.D. Ohio 1984) (committee entitled to protection of attorney-client privilege).  In *Refco*, that Court noted that "one should proceed cautiously concerning the disclosure of information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section

1102(b)(3)." *Refco*, 336 B.R. at 197 (internal citations omitted).  If the UCC were required to provide all unsecured claimholders with attorney-client communications and attorney work-product, then such dissemination would potentially eviscerate those privileges and their attendant protections and benefits, to the detriment of all unsecured claimholders.

13.    Absent clarification from the Court, the UCC's efforts in these Cases may be frustrated because the Debtors may be hesitant to share confidential and sensitive information—information that the UCC requires to fulfill its fiduciary duties—for fear that shared information may be disseminated to the public.  Without clarification, the UCC may be deterred from conducting its own independent investigations due to concerns that its findings may be disseminated to inappropriate parties.  These concerns could impede the UCC's efforts to obtain information and, thereby, impede attempts to maximize returns to unsecured claimholders.

14.    The Code also requires the UCC to "solicit and receive comments" from unsecured claimholders but does not establish acceptable methods for meeting that obligation. The cost associated with fulfilling that obligation will be borne by the Debtors' estates, so the means for soliciting and receiving comments must be tailored to reflect the needs and circumstances of these Cases.  The UCC submits that its proposal to invite unsecured claimholders to obtain information on the Case Website and comment on matters related to the Cases through an electronic mail address provides an efficient and effective manner for the UCC to meet its obligations under § 1102(b)(3)(B).

15.    Sections 107(b)(1) and 105 authorize the Court to grant the relief sought in this Motion.  "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 ("[O]n motion or on its own initiative, with

or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."). Section 107(b)(1)'s application is mandatory for information that includes trade secrets and confidential research, development, or commercial information. "[I]f the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny that application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994). Thus, § 107(b)(1) empowers the Court to protect parties by restricting the dissemination of Confidential Information.

16. Section 105(a) provides that the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The UCC submits that the relief sought in this Motion is necessary for it to fulfill its statutory function under § 1103(c). Courts in this District have granted similar relief in cases of comparable size and complexity. *See, e.g., In re Alpha Natural Resources, Inc.*, Case No. 15-33896-KRH (Bankr. E.D. Va. Oct. 16, 2015) (ECF No. 680); *In re Patriot Coal Corp.*, Case No. 15-32450-KLP (Bankr. E.D. Va. July 29, 2015) (ECF No. 678); *In re James River Coal Corp.*, Case No. 14-31848-KRH (Bankr. E.D. Va. June 2, 2014) (ECF No. 330); *In re AMF Bowling Worldwide Inc.*, Case No. 12-36495-KRH (Bankr. E.D. Va. Feb. 13, 2014) (ECF No. 484); *In re Workflow Mgmt., Inc.*, Case No. 10-74617-SCS (Bankr. E.D. Va. Dec. 2, 2010) (ECF No. 421); *In re Dietze Constr. Group, Inc.*, Case No. 10-14103-SSM (Bankr. E.D. Va. July 21, 2010) (ECF No. 164).

17. The UCC, therefore, submits that it is proper and necessary for the Court to enter an order that, among other things, provides for the following relief: (i) clarification that §

1102(b)(3)(A) does not require the UCC to disseminate Confidential Information; and (ii) finding that the UCC Parties are in compliance with § 1102(b)(3)(A) as result of the Claimholder Information Protocols.

## **CONCLUSION**

18. The UCC has not filed with the Court any prior request for the relief sought in this Motion.

19. Notice of this Motion has been provided to all required and necessary parties in accordance with that certain *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* that the Court entered on May 16, 2016. (ECF No. 105.) The UCC submits that no other or further notice of this Motion need be provided.

793396.v.4.doc

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**WHEREFORE**, the UCC requests that the Court enter an Order, substantially in the form of **Exhibit A**, attached hereto, granting the relief sought in this Motion, and awarding any other relief that the Court deems proper.

Dated: June 6, 2016

UNSECURED CLAIMHOLDERS'
COMMITTEE

*/s/ James Donaldson*
Robert H. Chappell, III, Esq. (VSB No. 31698)
James K. Donaldson, Esq. (VSB No. 80307)
**SPOTTS FAIN PC**
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

- and -

Philip M. Abelson, Esq. (admitted *pro hac vice*)
Maja Zerjal, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

- and -

Paul V. Possinger, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Three First National Plaza, Suite 3800
Chicago, Illinois 60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Proposed Counsel to the Unsecured Claimholders
Committee of Penn Virginia Corporation et al.*

# EXHIBIT A - PROPOSED ORDER

Philip M. Abelson, Esq. (admitted *pro hac vice*)
Maja Zerjal, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

                 - and -

Paul V. Possinger, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Three First National Plaza, Suite 3800
Chicago, Illinois 60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Proposed Counsel to the Unsecured Claimholders'*
*Committee of Penn Virginia Corporation, et al.*

Robert H. Chappell, III, Esq. (VSB No. 31698)
James K. Donaldson, Esq. (VSB No. 80307)
**SPOTTS FAIN PC**
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile: (804) 697-2100

*Proposed Counsel to the Unsecured Claimholders'*
*Committee of Penn Virginia Corporation, et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PENN VIRGINIA CORPORATION, *et al.*[1] | ) | Case No. 16-32395-KLP |
|  | ) |  |
| Debtors | ) | (Jointly Administered) |
|  | ) |  |

## ORDER GRANTING MOTION OF STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE CLARIFYING REQUIREMENT AND ESTABLISHING CLAIMHOLDER INFORMATION PROTOCOLS PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3), AND 1103(c)

On the motion, dated June 6, 2016 (the "Motion"[2]), of the unsecured claimholders'

committee (the "UCC") of Penn Virginia Corporation, *et al.* (the "Debtors") in the above-

captioned jointly-administered chapter 11 cases (the "Cases") and pursuant to 11 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Penn Virginia Corporation (4320); Penn Virginia Holding Corp. (7384); Penn Virginia MC Corporation (0458); Penn Virginia MC Energy L.L.C. (0462); Penn Virginia MC Operating Company L.L.C. (0466); Penn Virginia Oil & Gas Corporation (7929); Penn Virginia Oil & Gas GP LLC (3686); Penn Virginia Oil & Gas LP LLC (8109); Penn Virginia Oil & Gas, L.P. (9487).  The location of the Debtors' service address is:  Four Radnor Corporate Center, Suite 200, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2]  Unless stated otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

105(a), 107(b), 1102(b)(3), and 1103(c) and Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), seeking, among other relief, entry of an order clarifying the

UCC's requirement to disseminate Confidential Information and the establishment of

claimholder information protocols to provide access to information regarding the Debtors'

unsecured claimholders under §§ 1102(b)(3) and 1103(c) of the Code, as more fully set forth in

the Motion; and the Court having jurisdiction, pursuant to 28 U.S.C. § 1334, to consider the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided, and it appearing that no other or further notice

need be provided; and the Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:[3]

1.       The Motion is GRANTED in its entirety as set forth in this order, effective as of

May 25, 2016.  Any objections to the Motion or to the relief sought in the Motion that have not

been withdrawn, waived, or settled are expressly overruled on the merits.

2.       The UCC and its members, and their respective agents, affiliates, representatives,

partners, employees, counsel, and financial and other advisors (collectively, the "UCC Parties"),

are expressly deemed to be in compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) of the Code

through implementation of the Claimholder Information Protocols.

3.       The UCC Parties are expressly authorized to take any action necessary to carry

out the relief granted in this order, including, without limitation, any acts necessary to implement

---

[3] Where appropriate, conclusions of law shall be construed as findings of fact, and findings of fact shall be construed as conclusions of law.  *See* Fed. R. Bankr. P. 7052.

and establish the Claimholder Information Protocols.

4.　　Subject to paragraphs 5 through 11 of this order, in full satisfaction of the UCC's obligations to provide access to information for claimholders in accordance with § 1102(b)(3)(A)-(B) of the Code, the UCC shall, until the earliest of (i) dissolution of the UCC, (ii) dismissal, or (iii) conversion of the Cases, and a further order of the Court:

    a)　<u>Website</u>.　With the consent and authorization of the Debtors, utilize the Debtors' Case Website, which provides information related to the Cases, including, without limitation, information of the following nature:[4]

        i.　General information about the Debtors, including the case docket, access to Court filings, and general information concerning significant parties in the Cases;

        ii.　Contact information for the Debtors, any information hotlines that are established, the Debtors' counsel, and the UCC's counsel;

        iii.　Highlights of significant events in the Cases;

        iv.　The date by which unsecured claimholders must file proofs of claim;

        v.　The voting deadline for any chapter 11 plan filed in the Cases;

        vi.　Access to the claims docket as and when established by the Debtors and/or Epiq;

        vii.　Answers to vendor frequently asked questions;

        viii.　The Debtors' monthly operating reports; and

        ix.　Links to other relevant websites, including, without limitation, the Debtors corporate website, and the Court's website.

    b)　<u>Email Address</u>.　Establish and maintain an electronic mail address for claimholders to submit questions and comments.

5.　　The UCC Parties shall not be required to disclose or disseminate to any Entity, the following: (a) without further Court order, Confidential Information, including, without

---

[4] This list of information to be provided is not exhaustive or exclusive in nature.　Upon any agreement with the Debtors, the UCC is authorized to exclude or include information on the Case Website at its discretion, based on particular circumstances associated with the Cases.

limitation, confidential, proprietary, and/or other non-public information, whether oral or written

and including information in any electronic or physical form or medium, received or held by the

UCC Parties concerning the Debtors, the Cases, or the UCC, including with respect to the acts,

conduct, assets, liabilities, and financial condition of the Debtors, the operations of the Debtors'

businesses and the desirability of the continuance of such businesses, or any other matter related

or relevant to the Cases, including the restructuring support agreement, or to the formulation of

one or more chapter 11 plans or related to any adversary proceeding, contested matter, or other

litigation, including any and all confidential, proprietary, or other non-public materials of the

UCC, whether provided voluntarily or involuntarily by or on behalf of the Debtors or by any

third party or prepared by or for the UCC; or (b) any other information, if the effect of such

disclosure would constitute a general or subject matter waiver of the attorney-client privilege,

work-product doctrine, or any other applicable privilege, protection, or immunity held by the

UCC and the UCC Parties.

6.      Any information received, formally or informally, by the UCC from any Entity in

connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with

discovery in any contested matter, adversary proceeding, or other litigation shall not be governed

by this order but, instead, by the terms of any order or protective order governing such discovery,

as applicable.

7.      Any documents, information, or other materials designated by the Debtors as

confidential shall be treated as "Confidential Information" for purposes of this order.

8.      If a Claimholder (the "Requesting Claimholder") submits a written request via the

designated electronic mail that the UCC disclose information (an "Information Request"), the

UCC shall, as soon as reasonably practicable, but no later than twenty-one (21) days after receipt

4

of the Information Request, (a) provide a response to the Information Request (a "Response"),
including by providing access to the information requested or the reasons the Information
Request cannot be complied with; and (b) provide the Debtors with notice of the Information
Request and a copy of any Response to the Requesting Claimholder; provided that no
Confidential Information of the Debtors shall be provided in a Response without the advance
written consent of the Debtors, which consent may be conditioned upon the Requesting
Claimholder entering into a confidentiality agreement in form and substance satisfactory to the
Debtors.  If the Response is a denial of the Request because the UCC believes the Information
Request implicates Confidential Information that need not be disclosed pursuant to the terms of
this order or otherwise under § 1102(b)(3)(A) of the Code, or that the Information Request is
unduly burdensome, the Requesting Claimholder may, after a good faith effort to meet and
confer with an authorized representative of the UCC regarding the Information Request and the
Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be
served and the hearing on such motion shall be noticed and scheduled in accordance with that
certain *Order (I) Establishing Certain Notice, Case Management, and Administrative
Procedures and (II) Granting Related Relief* that the Court entered on May 16, 2016.  (ECF No.
105.)    Nothing herein shall be deemed to preclude the Requesting Claimholder from
requesting—or the UCC or the Debtors from objecting to such request—that the UCC provide
the Requesting Claimholder a log or other index of any information specifically responsive to the
Requesting Claimholder's request that the UCC deems to be Confidential Information or
protected by the attorney-client, work-product, or any other privilege, immunity, or protection.
Furthermore, nothing herein shall be deemed to preclude the Requesting Claimholder from
requesting—or the UCC or the Debtors from objecting to such request—that the Court conduct

an *in camera* review of any information specifically responsive to the Requesting Claimholder's request that the UCC claims is Confidential Information or subject to the attorney-client, work-product, or other privilege, protection, or immunity.

9.      In its Response to an Information Request for access to Confidential Information, the UCC shall consider, in consultation with the Debtors, whether (a) the Requesting Claimholder is willing to agree to reasonable confidentiality and trading restrictions with respect to such Confidential Information and to represent that such trading restrictions and any information-screening process complies with applicable securities laws; and (b) under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information; provided, however, that if the UCC elects to provide access to Confidential Information on the basis of such confidentiality and trading restrictions, neither the Debtors nor the UCC shall have responsibility for the Requesting Claimholder's compliance with, or liability for violation of, applicable securities or other laws. Any disputes with respect to this paragraph shall be resolved as provided in this order.

10.      In addition, if the Information Request implicates Confidential Information of the Debtors, or any other Entity, and the UCC agrees that such request should be satisfied, or if the UCC on its own wishes to disclose such Confidential Information to unsecured claimholders, the UCC may request from the Debtors, or any other Entity (a "UCC Information Request"), for the benefit of the Debtors' unsecured claimholders: (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "UCC Information Request," to the attorneys for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (ATTN: Brian E. Schartz, Esq. - brian.schartz@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (ATTN: Justin R. Bernbrock, Esq. -

justin.bernbrock@kirkland.com) ("Debtors' Counsel"), stating that such information will be disclosed in the manner described in the UCC Information Request—and in any case subject to the requirement in paragraph 8 of this order that the Debtors provide their advance written consent—unless the Debtors object or fail to consent to such UCC Information Request on or before the twenty-first (21) day after the service of such UCC Information Request; and, to the extent that the Debtors lodge such an objection to a UCC Information Request or fail to consent, the UCC, the Requesting Claimholder and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the UCC Information Request under §§ 704(a)(7) and 1106(a) of the Code or other applicable law; and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' Counsel, stating that such information will be disclosed in the manner described in the UCC Information Request unless such Entity objects to such UCC Information Request on or before fifteen (15) days after the service of such UCC Information Request; and, to the extent that such an Entity lodges such an objection, the UCC, the Requesting Claimholder, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the UCC Information Request.  In the event of any objection to or failure to consent to the disclosure of Confidential Information pursuant to this paragraph, no such information shall be disclosed except to the extent provided in an order by the Court that has become final and non-appealable.

11.     Nothing in this order requires the UCC to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the UCC, in its sole discretion, or to the Court, that it holds claims of the kind described in § 1102(b)(3) of the Code.

12.     None of the Debtors, the UCC Parties and, in each case, any of their respective

directors, officers, employees, members, attorneys, consultants, advisors and agents, acting in such capacity (collectively, the "Exculpated Parties"), shall have or incur any liability to any Entity, including the Debtors and their affiliates, for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Claimholder Information Protocols, the Case Website, and other information to be provided pursuant to § 1102(b)(3) of the Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph 12 that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order.  Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

13.     For the avoidance of doubt, nothing in this order shall affect the obligations of the UCC Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, whether such agreements are entered into before or after the entry of this order.

14.     Notwithstanding any provision of the Code, the Bankruptcy Rules, or the Local Rules of Bankruptcy Procedure for the Eastern District of Virginia, this order shall be effective immediately upon entry on the Court's docket and any applicable stay shall be deemed waived.

15.     The Court shall retain jurisdiction to hear and resolve any disputes or litigation arising under, arising from, or related to this order or the relief granted herein.

ENTERED ON DOCKET:

_____
U.S. BANKRUPTCY JUDGE

DATED:


*We ask for this*:

*/s/ James Donaldson*_____
Robert H. Chappell, III, Esq. (VSB No. 31698)
James K. Donaldson, Esq. (VSB No. 80307)
**SPOTTS FAIN PC**
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

        - and –

Philip M. Abelson, Esq. (admitted *pro hac vice*)
Maja Zerjal, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

        - and -

Paul V. Possinger, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Three First National Plaza, Suite 3800
Chicago, Illinois 60602-4342
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551

*Proposed Counsel to the Unsecured Claimholders'*
*Committee of Penn Virginia Corporation, et al.*

## CERTIFICATION OF ENDORSEMENT
## PURSUANT TO LOCAL BANKRUPTCY RULE 9022-1(C)(1)

Pursuant to Rule 9022-1 (C)(1) of the Local Rules of Bankruptcy Procedure for the Eastern District of Virginia, the undersigned counsel hereby certifies that this Order has been endorsed by all necessary parties.

*/s/ James Donaldson*